United States District Court
Southern District of Texas
**ENTERED**
June 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMIRO GUERRA, | § | |
| (Inmate # 01714091), | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-24-2352 |
| | § | |
| DR. GUTIERREZ, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se* and *in forma pauperis*, Harris County Jail inmate Ramiro Guerra, (Inmate # 1714091), filed an amended prisoner's civil-rights complaint under 42 U.S.C. § 1983. In that amended complaint, Guerra alleges that two jail medical providers—Dr. Orlando Gutierrez and Dr. David Solce—violated Guerra's constitutional rights after he broke his foot in January 2024. (Dkt. 10). At the Court's request, Guerra supplemented his complaint with a More Definite Statement of his claims. (Dkt. 12). Dr Solce responded to Guerra's amended complaint with a motion to dismiss. (Dkt. 40). Guerra has not responded to the motion, and his time to do so has now expired. Having reviewed the pleadings and the motion, all matters of record, and the applicable law, the Court grants Dr. Solce's motion to dismiss and dismisses Guerra's claims against him with prejudice.

## I.    BACKGROUND

On June 20, 2024, Guerra filed a civil rights complaint under § 1983 naming "Harris Health at Harris County Jail" as the only defendant. (Dkt. 1). Guerra alleged that "they" had failed to treat him for a broken foot that he sustained on January 14, 2024. (*Id.* at 4). He sought money damages to compensate him for his pain and suffering. (*Id.*). The Court dismissed Guerra's complaint because the only named defendant did not have a capacity to sue or be sued; however, the Court granted Guerra leave to file an amended complaint to name proper defendants if he could. (Dkt. 9).

On August 21, 2024, Guerra filed an amended complaint, naming Dr. Gutierrez and Dr. Solce as defendants. (Dkt. 10). Guerra alleged that Dr. Gutierrez "didn't give me the medical attention I needed" and that Dr. Solce "didn't send me to the hospital for medical treatment." (*Id.* at 3). Guerra claimed that because of these alleged failures, he was forced to keep walking on his broken foot, leading to additional injuries and ongoing severe pain. (*Id.* at 4). As relief, he asked the Court to order the defendants to "fix my foot" and compensate him for his pain and suffering. (*Id.*).

The Court ordered Guerra to provide a More Definite Statement of his claims. (Dkt. 11). In his response, Guerra alleges that on January 11, 2024, he jumped off his top bunk and landed wrong, causing him to break his right foot. (Dkt. 12, p. 2).

2/12

His foot quickly became bruised and extremely swollen. (*Id.*). One of Guerra's fellow inmates alerted the pod officer of the incident, and the pod officer arranged to have a wheelchair sent down. (*Id.* at 2-3). A detention officer then wheeled Guerra to the medical clinic. (*Id.* at 3).

At the clinic, Dr. Gutierrez ordered X-rays of Guerra's foot, which were taken immediately at the jail infirmary. (*Id.* at 3-4). Dr. Gutierrez reviewed the X-rays and told Guerra that he had fractured a bone in his foot. (*Id.* at 4). Dr. Gutierrez put a splint on Guerra's foot, issued him a set of crutches, and prescribed ibuprofen for the pain. (*Id.* at 4-5). When Guerra asked about going to the hospital, Dr. Gutierrez told him that he did not need to go to the hospital, but Dr. Gutierrez said he would schedule Guerra to be seen by an orthopedic physician "in a couple of days." (*Id.* at 6). Guerra alleges that he was "never called" about this appointment. (*Id.*).

On March 12, 2024, Guerra saw Dr. Solce, who is an orthopedic physician, at the jail infirmary. (*Id.* at 7). Dr. Solce ordered follow-up X-rays, which were again taken at the jail infirmary. (*Id.*). After reviewing the X-rays, Dr. Solce told Guerra that there were two fractures in his foot and that the bones were not healing properly. (*Id.* at 7-8). Guerra still had his splint and his crutches, and Dr. Solce renewed his prescription for ibuprofen. (*Id.* at 8). Dr. Solce did not order any additional treatment for Guerra's foot, did not send him to the hospital, and did not recommend surgery. (*Id.* at 15).

On June 2, 2024, Guerra's foot turned purple and became swollen. (*Id.* at 9). Guerra denies that anything occurred around that time to cause the new swelling and discoloration. (*Id.*). Guerra went to the jail infirmary on his crutches, and he was taken to Memorial Hermann hospital, where he was seen by an orthopedic physician Guerra knows only as "Dr. Mike." (*Id.* at 9-10). Dr. Mike ordered X-rays, and after he reviewed them he gave Guerra a new splint for his foot, renewed his prescription for pain medication, and sent him back to the jail. (*Id.* at 10-11). Dr. Mike did not recommend surgery for Guerra's foot.

On July 18, 2024, Guerra saw another orthopedic physician at the jail infirmary named Dr. Fisher. (*Id.* at 11-12). Dr. Fisher prescribed a compression stocking for Guerra and told him that he needed to start putting weight on his foot. (*Id.* at 12). Dr. Fisher renewed Guerra's pass for crutches and his prescription for ibuprofen. (*Id.*). Dr. Fisher also scheduled Guerra for an appointment with an orthopedic physician at Ben Taub Hospital. (Dkt. 10, p. 5).

On August 7, 2024, Guerra saw a female orthopedic physician at Ben Taub. (*Id.*). This doctor, whose name Guerra does not know, took new X-rays and then showed him where his foot was broken in two places.[1] (*Id.*). The doctor told Guerra

---

[1]Guerra alleges that this is the first time that he was told that his foot was "broken." Guerra apparently did not understand that "fracture" is another term for a partial or complete break in a bone. *See* www.orthoinfo.aaos.org (visited June 16, 2025).

that he should have surgery on his foot but that it cannot be done until he is released from jail. (*Id.*).

Guerra alleges that while Dr. Gutierrez and Dr. Solce provided him with some treatment, they violated his constitutional rights because he was denied the treatment he should have received. (Dkt. 12, p. 13). Guerra alleges that he should have immediately been sent for surgery, but Dr. Gutierrez refused to refer him for surgery, saying that he needed to see an orthopedic physician first. (*Id.* at 15). Guerra alleges that when Dr. Solce saw him in March, he did not refer Guerra for surgery, saying that it was "too late." (*Id.*). Dr. Mike told Guerra that surgery would not help him. (*Id.*). It was not until August 2024 that the orthopedic physician at Ben Taub said that Guerra needed surgery, but she would not perform the surgery while Guerra was in jail because the jail could not properly manage his recovery. (*Id.*).

After the initial screening required by 28 U.S.C. § 1915A, the Court ordered Dr. Solce to respond to Guerra's claims. (Dkt. 13). Dr. Solce responded with a motion to dismiss.[2] (Dkt. 40). In his motion, Dr. Solce contends that Guerra's amended complaint fails to state a claim upon which relief can be granted. (*Id.*). Guerra did not respond to Dr. Solce's motion, and his time to do so has now expired.[3]

---

[2]The Court previously granting Dr. Gutierrez's motion to dismiss and dismissed Guerra's claims against him. (Dkt. 41).

[3]Under the Court's local rules, Guerra's failure to respond to the motion is

## II.   APPLICABLE LAW

### A.   Actions Under 42 U.S.C. § 1983

Guerra brings his claims against Dr. Solce under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, the plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

---

considered a representation that he does not oppose the motion. *See* S.D. TEX. L.R. 7.4. However, because Guerra is proceeding *pro se*, the Court will address the merits of Dr. Solce's motion.

**B.     Motion to Dismiss**

Dr. Solce moves to dismiss Guerra's amended complaint under Federal Rule

of Civil Procedure 12(b)(6).  A motion to dismiss under Rule 12(b)(6) is properly

granted when the plaintiff's complaint fails to state a claim upon which relief can be

granted.   When a court considers a motion under Rule 12(b)(6), "the factual

information to which the court addresses its inquiry is limited to the (1) the facts set

forth in the complaint, (2) documents attached to the complaint, and (3) matters of

which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v.*

*Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).  The district court

"construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded

in the complaint as true," and considers whether "with every doubt resolved on [the

plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v.*

*State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

But to survive a motion to dismiss under Rule 12(b)(6), the complaint must

include specific facts, not conclusory allegations. *See Powers v. Northside Indep.*

*Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020).  The complaint must also allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007); *Gomez*, 18 F.4th at 775.  A claim is plausible

on its face "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

7/12

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). If the facts alleged are facially sufficient, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (cleaned up). But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

### C.    *Pro Se* Pleadings

Because Guerra is proceeding *pro se*, the Court construes his filings liberally, subjecting them to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But even under this lenient standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). "*Pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (footnotes omitted).

### III.    DISCUSSION

Guerra's claims against Dr. Solce for both money damages and injunctive relief arise under the Eighth Amendment, and both types of relief are subject to the same requirement that Guerra allege facts showing that Dr. Solce's actions violated

8/12

Guerra's constitutional rights. Dr. Solce contends that Guerra's amended complaint
fails to do so.

The Eighth Amendment imposes a duty on prison officials to "provide
humane conditions of confinement; prison officials must ensure that inmates receive
adequate food, clothing, shelter, and medical care, and must take reasonable
measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825,
832 (1994) (cleaned up). A prison official violates this duty when, whether by act
or omission, he or she is deliberately indifferent to conditions that pose a substantial
risk of serious harm to the inmate. *Id.* at 834.

To state a claim for a lack of adequate medical care, a prisoner seeking relief
under § 1983 must allege facts showing that the jail medical provider acted with
deliberate indifference to his serious medical needs. *See Estelle v. Gamble,* 429 U.S.
97, 105 (1976); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).
To establish deliberate indifference, "a plaintiff must demonstrate that the official is
aware that an inmate[ ] face[s] a substantial risk of serious harm and disregards that
risk by failing to take reasonable measures to abate it." *Davis v. Lumpkin*, 35 F.4th
958, 963 (5th Cir. 2022) (quoting *Farmer*, 511 U.S. at 837). But deliberate
indifference is an "extremely high standard" to meet. *See Domino v. Tex. Dep't of
Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment,
acts of negligence, or medical malpractice do not constitute deliberate indifference,
9/12

nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Instead, the prisoner must allege facts showing that the jail medical provider "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (quoting *Domino*, 239 F.3d at 756) (cleaned up).

The facts Guerra alleges against Dr. Solce do not rise to the level of deliberate indifference. Guerra admits that on the single occasion when he saw Dr. Solce, Dr. Solce ordered X-rays of his foot, reviewed those X-rays with him, diagnosed him with two fractures in his foot, and continued his treatment with a splint, crutches, and pain medication. These facts, accepted as true at this stage of the proceedings, do not show that Dr. Solce refused to treat Guerra, ignored his complaints, intentionally treated him incorrectly, or disregarded Guerra's serious medical needs. Instead, at most they show that Guerra disagrees with the medical treatment he was provided.

In addition, while Dr. Solce told Guerra that his foot was not healing properly, Dr. Solce did not recommend surgery. Guerra clearly disagrees with this medical determination, and he points to the surgical recommendation from the Ben Taub physician. But even if Dr. Solce's determination of how to treat Guerra's foot was mistaken, this would state a claim for negligence or medical malpractice that does

10/12

not rise to the level of deliberate indifference necessary to allege a violation of the Eighth Amendment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Further, the fact that a different orthopedic physician later recommended surgery establishes only a difference of opinion among medical providers rather than deliberate indifference, particularly when Guerra's own allegations show that Dr. Solce did not ignored or refuse to treat Guerra at any point. *See, e.g., Shaw v. TDCJ-CID*, 540 F. Supp. 2d 834, 839 (S.D. Tex. 2008).

The allegations in Guerra's amended complaint do not state a claim against Dr. Solce for a constitutional violation based on deliberate indifference to Guerra's broken foot. While Guerra may disagree with the care and treatment he received, his own allegations establish that the treatment was sufficient to meet constitutional standards. Therefore, Dr. Solce's motion to dismiss is granted, and Guerra's claims against him for money damages and injunctive relief are dismissed with prejudice under Rule 12(b)(6).

## IV.  **CONCLUSION**

Based on the above, the Court **ORDERS** as follows:

1. Defendant Dr. Solce's motion to dismiss, (Dkt. 40), is **GRANTED**.

2. This action is **DISMISSED with prejudice**.

3. Any pending motions are **DENIED as moot**.

11/12

4. Final judgment will be separately entered.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas on _____, 2025.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE